Scofield, J.,
delivered tbe opinion of tbe court:
This claim originated under section 3163 of tbe Eevised Statutes, wbicb is as follows:
“ Tbe Commissioner of Internal Eevenue, with tbe approval of tbe Secretary of tbe Treasury, is authorized to pay sucb sums, not exceeding tbe sum appropriated therefor, as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal-revenue laws, or conniving at the same, in cases where sucb expenses áre not otherwise provided by law.”
December 1,1875, tbe Commissioner issued “ Circular No. 99, second revision,” in wbicb he made tbe following offer:
“ For information given by persons other than officers of internal revenue, or persons appointed or employed in, or acting-in connection with, tbe internal-revenue service, that shall lead to tbe detection and punishment of persons guilty of violating tbe internal-revenue laws or conniving at the same, * * * such reward as tbe Commissioner of Internal Eevenue may deem suitable, but no case exceeding 10 per centum of tbe net amount of fines, penalties, etc., which, by reason of said information, shall be recovered and paid to the United States, or of any sum wbicb shall be accepted in compromise by the Commissioner of Internal Eevenue and received by tbe United States.”
About the last of July, 1882, tbe claimant furnished tbe Internal Eevenue Office, through A. H. Brooks, revenue agent, with information of certain violations of the internal-revenue laws by the firm of Bayaud & Perrenoud, of New York City, wbicb information led to tbe institution of proceedings against said firm by the. United States. At the time this information was furnished tbe claimant was not employed in, nor acting in connection with, tbe internal-revenue service; but early in *96 tbe following August be was employed by the Commissioner of Internal Revenue to aid said Brooks in the investigation of frauds. He continued in this employment until April 25,1883. During- this period of service he was allowed $4 a day and his expenses. His daily pay amounted to $S88 and his expenses to $602.15, which sums were duly paid to him.
The case against Bayaud & Perrenoud was compromised in April, 1883, about the time the claimant’s employment ceased, for the sum of $20,000, which sum was paid into the Treasury June 8, 1883.
March 17, 1884, the claimant applied to the Commissioner of Internal.Revenue for 10 per cent, of the $20,000 as are-ward for the information furnished in July, 1882.
April 14, 1SSÍ, the Commissioner addressed a letter to the Secretary of the Treasury recommending that the claimant should be paid the “ sum of $2,000, less $888 paid him whilst in the employ of the Government assisting to obtain evidence which resulted iu the compromise of the case, leaving $1,112 as a balance; said $1,112 and $888 salary heretofore paid being 10 per cent, of the amount recovered in compromise as aforesaid, to be paid from the appropriation for punishment for violation of internal-revenue laws, 1883.”
April 18, 1884, this recommendation was approved by the Secretary of the Treasury.
Thereafter the claimant was paid $1,112.
From these proceedings the claimant deduces the theory that he was allowed $2,000 for the information furnished in July, 1882, independently of all other considerations, and that the $888 which had been paid him for services rendered after the first information was given had no connection with it., and so was improperly subtracted.
We can not concur iu this construction. The Commissioner and Secretary allowed “$2,000, less $888,” which amounts to an allowance of $1,112. It is a clear case; nothing else can he made of it.
To be sure these officers gave the reasons for their decision. They stated that the services of the claimant, for which he was paid $4 a day, amounting to $888, and expenses amounting to $662.15, were rendered in developing the charges against Bayaud & Perrenoud, thus demonstrating that the information was valuable to the Government, and that he was entitled *97 to a suitable reward. For unless a case should be made out against these parties he was not entitled by the terms of the circular to any reward whatever.
After a compromise had been made and the money paid in the Commissioner and Secretary fixed the reward at $1,112. The fact that they chose to state the method by which they arrived at this conclusion does not in the least affect the conclusion itself. It is the duty of the court to consider what allowance was actually made, not what reasons were given for it.
That the amount actually allowed was $1,112 we have no doubt, and therefore dismiss the petition.